UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TONY B. JOBE, ESQ.** | ) | CIVIL NO.: |
| | ) | |
| **Plaintiff,** | ) | Division: |
| | ) | Section: |
| v. | ) | |
| | ) | Judge: |
| | ) | Magistrate: |
| **NATIONAL TRANSPORTATION** | ) | |
| **SAFETY BOARD,** | ) | **COMPLAINT AND** |
| | ) | **SUMMONS TO** |
| **Defendant.** | ) | **ANSWER COMPLAINT** |
| _____ | ) | |

## COMPLAINT - CIVIL ACTION FOR INJUNCTIVE RELIEF

NOW INTO COURT, comes Plaintiff Tony B. Jobe who files this his Civil Action for Injunctive Relief under the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter, "the FOIA") and the Administrative Procedures Act 5 U.S.C. § 706(1) (hereinafter, "the APA"), to order the production of agency records unlawfully withheld, concerning the agency's fact-finding phase of the investigation of the crash of an EC130 B4 helicopter on the Island of Molokai, State of Hawaii, on November 10, 2011 while on a sight-seeing tour of the island. That crash killed the pilot, Mr. Nathan Cline, and his four passengers. Defendant, National Transportation Safety Board (hereinafter, "NTSB"), was tasked by statute with the investigation of that crash that was assigned NTSB reference number

WPR12MA034.   Regulations found at 49 C.F.R. §§ 830-831 govern the NTSB's investigation process, including preservation of the wreckage and investigation procedures. The NTSB employs what is generally referred to as the "party system" to conduct its investigations. Through this "party system", the NTSB's Investigator-In-Charge (IIC) appointed representatives from the manufacturer of the helicopter, France's Airbus Helicopters and its U.S. subsidiary, and France's Turbomecca engine manufacturer, as well as the operator of the helicopter, Hawaii's Blue Hawaiian Helicopters, as participants in the agency's investigation. (Hereinafter, the manufacturers' and operator's representatives are referred to collectively as "the Parties".) The Parties only participate directly in the **fact-finding** phase of an investigation and provide knowledge or technical expertise to assist the NTSB's staff in developing a complete and **factual** record. The analysis phase of the NTSB's investigation begins only **after** the evidence is gathered. This analysis phase, during which the agency develops its findings, determination of probable cause, and safety recommendations, includes employees of the NTSB only with **no** participation by the non-NTSB parties. [www.ntsb.gov/legal/Documents/NTSB_Investigation_Party_Form.pdf, last accessed October 18, 2018]. The NTSB concluded its analysis of evidence from its investigation of the crash at issue herein on or about July 25, 2014.

    On November 1, 2016, pursuant to the FOIA, Mr. Jobe submitted a request for

documents relevant to the NTSB's factual investigation phase of WPR12MA034. [FOIA Request No. 2017-00066]. Despite Mr. Jobe's diligent efforts, including FOIA Appeal No. 2017-00022A, the NTSB, in violation of the FOIA and its own regulations, has for nearly two (2) years unlawfully and with undue delay withheld documents, specifically requested by Mr. Jobe, related to the NTSB's investigation WPR12MA034 including, but not limited to, wreckage retrieval, chain of custody of the wreckage, and factual reports of the investigation that the agency's policies expressly require. The NTSB has categorically withheld:

(a) All field notes from the investigation which contain relevant factual information developed by the investigators during the on-scene phase of the investigation;

(b) All notes from on-scene investigation progress meetings, required to be attended by all investigation party coordinators, that address investigative issues that require coordination, changes to the investigative plan, need for additional investigative support, or an evaluation of whether urgent safety recommendations are needed; and

(c) All status reports generated by the NTSB's Investigator-In-Charge during the on-scene phase of the investigation.

The apparent final decision of the agency, refusing to disclose any further Records responsive to FOIA Request No. 2017-00066, was issued through the

NTSB's Office of the General Counsel, Mr. Matthew McKenzie, on March 26, 2018. On April 22, 2018, Mr. Jobe requested additional information regarding records the NTSB claimed were not found and clarification of the agency's reliance on FOIA Exemption 5 for the withholding of factual documents. To the date of this filing six (6) months later, Mr. McKenzie has not responded to that letter.

Mr. Jobe seeks an order of this Court finding that these records are not subject to the narrow exemptions contained in the FOIA and holding that the FOIA and NTSB regulations mandate the disclosure of these records held by the NTSB forthwith. Mr. Jobe also seeks an Order of this Court holding that the NTSB abused its discretion by withholding documents requested in violation of its own internal policies, in violation of the APA. Further, Mr. Jobe seeks an order of this Court awarding attorneys' fees and costs associated with this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

## **THE PARTIES**

1. MR. TONY B. JOBE, ESQ., is an attorney licensed to practice law in the State of Louisiana with his principal place of business at The Law Offices of Tony B. Jobe; 1144 Hardy Drive, Covington, Louisiana 70433. Mr. Jobe issued his request for disclosure of documents pursuant to the FOIA to the NTSB and bearing NTSB FOIA identification number 2017-00066 on November 1, 2016. He appealed the agency's lack of responsiveness to that FOIA request on June 2, 2017. That

appeal was assigned NTSB Appeal No. 2017-00022A. Mr. Jobe respectfully seeks disclosure of all of the requested and unlawfully withheld records.

2.  Defendant, NATIONAL TRANSPORTATION SAFETY BOARD ("NTSB"), is an independent federal governmental agency organized and existing pursuant to Title 49 of the United States Code. The NTSB is charged by statute with investigating civil aircraft crashes pursuant to 49 U.S.C. § 1131(a)(1)(A) and § 1132 (a)(1)(A). Upon information and belief, the NTSB generated or caused to be generated all of the documents requested in FOIA Request No. 2017-00066 and the NTSB maintains possession, custody, and/or control of all of the documents responsive to FOIA Request No. 2017-00066.

## JURISDICTION

3.  This Honorable Court has jurisdiction over this civil litigation arising out of the law of the United States pursuant to 28 U.S.C. § 1331, as it presents a federal question. This United States District Court also has jurisdiction pursuant to the specific dictate of the FOIA at 5 U.S.C. 552 (a)(4)(B). In pertinent part, the FOIA at (a)(4)(B) states:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part

thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.

Documents generated in the course of an NTSB investigation are subject to disclosure pursuant to the FOIA and governed by federal regulations at 49 C.F.R. § 801.55.

Further, the Administrative Procedures Act ("APA") authorizes federal courts to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, **an abuse of discretion**, or otherwise not in accordance with the law, … in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or] without observance of procedure required by law." 5 U.S.C. §§ 706(2)(A), and (C-D). [Emphasis added].

## **VENUE**

4. The United States District Court for the Eastern District of Louisiana is proper venue for this civil litigation pursuant to 28 U.S.C. §1402(b) as Mr. Jobe is domiciled in and is a resident of the Eastern District of Louisiana. Further, Mr. Jobe is the requestor of record for FOIA No. 2017-00066 and is Plaintiff/Complainant herein.

## **NATURE OF THIS ACTION**

5. This is a civil action brought against the NTSB pursuant to claims of statutory

violations of the FOIA. The FOIA mandates that, upon request, the NTSB must disclose records held by that agency unless the documents fall within numerated exemptions found at § 552(b). "FOIA exemptions are to be narrowly construed." *FBI v. Abramson,* 456 U.S. 615, 630 (1982). Exemption 5 protects from disclosure only those "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U. S. C. §552(b)(5).

6. The NTSB's disclosure of records pursuant to the FOIA Exemption 5 is regulated by 49 C.F.R. § 801.55. That regulation provides a nonexclusive list of examples of documents that the agency may withhold based on a claim of deliberative process privilege, none of which directly or indirectly apply to Mr. Jobe's requests.

> § 801.55(c). Examples of materials covered by this section include, but are not limited to, staff papers containing advice, opinions, or suggestions preliminary to a decision or action; preliminary notes; advance information on such things as proposed plans to procure, lease, or otherwise hire and dispose of materials, real estate, or facilities; documents exchanged in preparation for anticipated legal proceedings; material intended for public release at a specified future time, if premature disclosure would be detrimental to orderly processes of the NTSB; records of inspections, investigations, and surveys pertaining to internal management of the NTSB; and matters that would not be routinely disclosed in litigation but which are likely to be the subject of litigation.

7. To support its withholding of records requested, the NTSB contends that

parties to the investigation at issue in this case perform essentially like agency employees during the investigation. In this instant case, the party representatives from the helicopter's manufacturer failed to sign any agreement of confidentiality and submission to NTSB direction during the investigation, as required by NTSB agency policy, and clearly represented the interests of their employers, including the manufacturer of the crash helicopter, during the investigation. [www.ntsb.gov/legal/Documents/NTSB_Investigation_Party_Form.pdf at ¶ III]. Nonetheless, the NTSB contends that *factual* reports generated during the on-scene phase of its investigation may be withheld based on an alleged "consultant corollary" relationship between the NTSB and the parties to the investigation and assertion of deliberative process privilege. The NTSB's wrongful withholding is to the detriment of and prejudice to Mr. Jobe's independent investigation of the NTSB's investigation of this crash, conducted on behalf of the widow of the pilot of the crash helicopter. Mr. Jobe seeks to enjoin the NTSB to retrieve, review, and release documents he requested from the NTSB that are in the exclusive possession, control, and/or custody of the NTSB and that have been improperly withheld by the agency allegedly pursuant to Exemption 5 of the FOIA.

**FACTS AND PROCEDURAL HISTORY**

8. On November 1, 2016, Mr. Jobe issued, a request for documents related to the NTSB's investigation WPR12MA034. The NTSB acknowledged that request on

November 9, 2016 and assigned FOIA Reference No. 2017-00066.

9. When the NTSB provided no response to Request No. 2017-00066 for over thirty (30) days in violation of the FOIA, Mr. Jobe's staff contacted the NTSB. The NTSB claimed it had no record of the November 1, 2016 request.

10. Because the NTSB claimed it had no record of Request No. 2017-00066, Mr. Jobe resubmitted that request on December 27, 2016. Beginning January 10, 2017 through March 22, 2017, Mr. Jobe and his staff were told (amongst numerous unreturned phone calls and emails) first that the NTSB had documents they were prepared to produce, then that the NTSB needed "to do more research," then that Request No. 2017-00066 was being processed but was "way back in the queue."

11. From March 24, 2017 through May 3, 2017, Mr. Jobe communicated with the then NTSB General Counsel, Mr. David Tochen, through both phone calls and emails. After conferring with the NTSB FOIA Office, Mr. Tochen represented that the NTSB FOIA Office was processing approximately ten thousand (10,000) pages of documents responsive to Request No. 2017-00066.

12. In March 2017 via telephone the NTSB took the position that the documents requested were exempt from FOIA response based on exemptions 2 and 5. Mr. Jobe informed the NTSB that it was clear that neither of those exemptions applied to the documents requested in FOIA Request No. 2017-00066 as none of the requests involved documents pertaining to the NTSB's internal personnel rules and/or

practices (Exemption 2) nor did any of the requested documents involve disclosure of the deliberative processes of the NTSB, attorney work product nor attorney-client communications (Exemption 5).

13.  Apparently recognizing the illegitimacy of the agency's intentional attempt to obstruct release of the thousands of pages of responsive documents claiming Exemptions 2 and 5, the NTSB then represented to Mr. Jobe that the NTSB FOIA Office considered FOIA Request No. 2017-00066 to simply be a second request for the same documents Mr. Jobe had requested pursuant to 49 C.F.R. §837 in 2014, despite knowing (and later acknowledging) that the two requests were distinctly different.

14.  On April 26, 2017, the NTSB sent to an incorrect address three hundred thirty-three (333) pages of documents that should have been, but were not, produced in response to the 2014 49 C.F.R. §837 Request.

15.  On May 11, 2017, Mr. Jobe learned that the NTSB had sent documents it purported to be responsive to Request No. 2017-00066, albeit to an incorrect address. The NTSB failed to return Mr. Jobe's phone calls regarding the improperly mailed disclosure for almost two (2) weeks.

16.  Thus, Mr. Jobe finally received the NTSB's April 26, 2017 deficient and irrelevant response to Request No. 2017-00066 on June 2, 2017, seven (7) months after his initial request. It is undisputed that not a single page of the three hundred

thirty-three (333) pages produced was responsive to the requests contained in FOIA Request No. 2017-00066.

17. Mr. Jobe sent a formal appeal letter to Mr. Dennis Jones, NTSB Acting Management Director, on June 2, 2017. That appeal was assigned NTSB Appeal No. 2017-00022A.

18. On July 6, 2017, Mr. Jobe received an email from Mr. Matthew McKenzie, NTSB Assistant General Counsel, with an attached letter from Mr. Jones, denying the appeal.

19. On October 18, 2017, Mr. Jobe sent yet another letter that requested that the NTSB's General Counsel's Office review and reconsider the NTSB's denial of Appeal No. 2017-00022A, asked that the NTSB assure that it had conducted a thorough and complete search for the requested documents. Mr. Jobe also requested a Vaughn Index (Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973)) for all documents withheld by the NTSB responsive to Request No. 2017-00066.

20. On May 24, 2017 and again on October 18, 2017, Mr. Jobe sought assistance from the Office of Government Information Services ("OGIS") toward resolution of this FOIA dispute. Congress created OGIS to serve as the Federal FOIA Ombudsman. To date, OGIS has not responded to Mr. Jobe's requests for assistance.

21. When the NTSB did not respond to that October 18, 2017 letter within twenty (20) working days, Mr. Jobe again contacted the NTSB General Counsel's

Office. The NTSB sought, because of the appointment of a new agency General Counsel an extension to December 31, 2017 for the NTSB to respond. Mr. Jobe agreed to the extension of time.

22. On December 29, 2017, the NTSB reconsidered its previous decision, but continued to withhold 2,349 pages of documents, improperly relying on Exemption 5. In addition, the agency, for the first time, revealed that it was withholding an addition 1,553 pages of documents as having originated "from other agencies." However, the NTSB offered, and Mr. Jobe agreed to, another sixty (60) day extension during which the NTSB would review the 2,349 pages of documents withheld pursuant to Exemption 5 and would release bi-weekly status updates.

23. Throughout the NTSB's bi-weekly status reports and minimal document production, Mr. Jobe continued to object, providing both factual and legal support for his objections to the agency's withholding of documents, including by way of a letter dated March 8, 2018.

24. On March 26, 2018, the NTSB informed Mr. Jobe that the agency would produce no further documents.

25. On April 22, 2018, Mr. Jobe again asked that the NTSB review and rescind its final decision to improperly withhold documents, in which the NTSB claimed that:

(a) Documents were withheld as "intra-agency communications" because a "consultant corollary" privilege existed between parties to the NTSB's

    investigation including representatives working on behalf of the manufacturers of the helicopter, the lessor, and the operator of the crash helicopter and the employees of the NTSB; and

(b) That documents containing factual reports were exempted from disclosure based on deliberative process privilege of Exemption 5.

Despite Mr. Jobe's specific request, the agency has failed to provide any legal basis for its claims of privilege.

26. To the date of this filing, the NTSB has produced no further documents, has refused to provide a *Vaughn* Index in this administrative proceeding and has provided no response to Mr. Jobe's April 22, 2018 letter. This case is necessitated by the NTSB's refusal to follow the dictates of the FOIA through its improper withholding of documents and its false reliance on the deliberative process privilege contained in Exemption 5 (5 U.S.C. § 552(b)(5)) and by the NTSB's refusal to abide by its own regulations and internal policies.

## COUNT I.
## VIOLATION OF THE FOIA

27. Plaintiff fully incorporates by reference paragraphs 1 through 26 herein.

28. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)(i), the NTSB shall determine whether to comply with a request and notify the requester of

the determination within twenty (20) business days from the date the request was received.

29. Under the Freedom of Information Act, if the NTSB encounters "unusual" circumstances which require an extended period of time to process the request, the Defendant must provide the requester with written notice "setting forth the unusual circumstances for such an extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten days, except as provided in clause (ii) of this paragraph." 5 U.S.C. § 552(a)(6)(B)(i).

30. Under the FOIA, if the NTSB extends the time limits, it shall notify the requestor and provide an opportunity to limit the scope of the request so that it may be processed within the time limit or arrange an alternative time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

31. As of the date of the filing of this Complaint, the statutorily mandated deadlines for Plaintiff's requests have long-sense passed. The NTSB has not properly processed Plaintiff's requests. In addition, the NTSB has refused to comply with its statutory obligations to thoroughly, completely, and responsively provide the documents sought by Mr. Jobe.

32. The NTSB has unlawfully withheld documents and improperly relied on Exemption 5 to the FOIA. [§ 552(5)].

33. The FOIA at § 552(a)(6)(C) states that "[a]ny person making a request to any agency for records. . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."

34. Plaintiff has exhausted administrative remedies provided by the Freedom of Information Act, 5 U.S.C. §552 and has exhausted reliance on federal mediators to assist in resolving this dispute.

35. The NTSB's improper withholding and unduly delayed disclosure of properly requested records is unlawful and a violation of the FOIA.

## COUNT II.
## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

36. Plaintiff fully incorporates by reference paragraphs 1 through 35 herein.

37. The NTSB's final agency decision to withhold the disclosure of documents requested by Mr. Jobe constitutes an abuse of discretion as the agency failed to follow its own regulations and procedures.

38. The agency's final decision to withhold the disclosure of documents requested by Mr. Jobe violates the agency's regulations at 49 C.F.R. § 801.55.

39. The agency's assertion of deliberative process privilege for factual records

generated in the fact-finding phase of the NTSB investigation violates the letter and the spirit of the APA and violates the agency's internal policies and procedures referenced *supra*.

40. Thus, the NTSB's final decision at issue in this case is unlawful pursuant to the APA.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

(1) Hold that the Defendant herein, United States of America, National Transportation Safety Board, unlawfully abused its discretion by withholding records properly requested pursuant to the FOIA and the APA;

(1) Order Defendant, United States of America, National Transportation Safety Board, to provide access to all of the requested documents, including but not limited to those documents delineated at page 3 of this Complaint;

(2) Award Plaintiff, Tony B. Jobe, costs and reasonable attorney's fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(3) Grant such other and further relief as may deem just and proper.

Respectfully submitted,

Dated: November 6, 2018          /s/ Tony B. Jobe
                                 Tony B. Jobe (La. Bar No. 07269)
                                 Law Offices of Tony B. Jobe
                                 1144 Hardy Drive
                                 Covington, LA  70433
                                 Telephone: (985) 845-8088

                                      Facsimile: (985) 327-7723  
                                      Email: jobelaw@msn.com